NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLENN CAMUSO, RICHARD CUCCOLO, HENRY GAJDA, JR. and JAMES POST., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF NEWARK, NEWARK POLICE DEPARTMENT, MAYOR CORY BOOKER, POLICE DIRECTOR GARRY MCCARTHY, BUSINESS ADMINISTRATOR JULIEN NEALS, i/p/a BUSINESS ADMINISTRATOR JULIAN NEALS, DARLENE TATE, DIRECTOR OFFICE OF MANAGEMENT AND BUDGET, JEROME MORGAN, MUNICIPAL AUDITOR, JOHN DOES 1, 2, & 3 and MARY ROE 1, 2, & 3. <br><br> Defendant. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 12-cv-5693 (DMC) (MF) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Defendants City of Newark, Mayor Cory Booker, Police Director Garry McCarthy, Business Administrator Julien Neals, Darlene Tate Director Office of Management and Budget, Jerome Morgan Municipal Auditor, John Does and Mary Roe (hereinafter collectively "Defendants") Motion to Dismiss Plaintiffs' Glenn Camuso, Richard Cuccolo, Henry Gajda, Jr., and James Post (hereinafter collectively "Plaintiffs") Complaint pursuant to FED. R. CIV. P. 12(b)(6). Pursuant to FED. R. CIV. P 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Defendants Motion to

1

Dismiss is **granted without prejudice,** except for Counts One- Four, which are **granted with prejudice.**

## I. BACKGROUND[1]

On August 10, 2012, Plaintiffs filed a Complaint against the Defendants in the Superior Court of New Jersey, Essex County. On September 14, 2012, Defendants removed the case to this Court. (ECF No. 1). The Complaint alleges violations of the parties Collective Bargaining Agreement ("CBA"), the New Jersey Law against Discrimination, N.J.S.A. 10:5-1, et seq ("LAD") and violations of 42. U.S.C. §§ 1981, 1983, 1985 and 1986.

Plaintiffs are all white, male, former police captains in the Newark Police Department ("the Department"), each with over 25 years of service. Plaintiffs filed this suit against the City and others for damages for the failure of the City to pay them separation benefits due to them upon retirement under the CBA, and for wrongful acts they allege forced them to retire for the purpose of discriminating against them in favor of select groups defined by race, national origin and sex.

## II. STANDARD OF REVIEW

In deciding a motion under FED. R. CIV. P. 12(b)(6), the District Court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will

---

[1] This section is taken from parties pleadings. As the facts are for the benefit of the parties alone, the Court only provides a brief recitation the relevant facts to this Motion.

not do." Id. On a motion to dismiss, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Plaintiff's complaint is subject to the heightened pleading standard set forth in Ashcroft v. Iqbal:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . Determining whether a complaint states a plausible claim for relief will. . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009) (quoting Twombly, 550 U.S. at 557, 750).

## III. DISCUSSION

### A. Counts One through Four

In Counts One through Four of the Complaint, Plaintiffs allege that the City of Newark failed to pay them separation benefits in accordance with Article XV, Section 3 of the CBA. Defendants argue that these claims should be dismissed as a matter of law as they are barred by the CBA's grievance and arbitration clauses.

Both parties agree that during the times relevant to this Complaint, the terms and conditions of employment of Plaintiffs with the City of Newark were governed by the CBA. Article IV of the CBA, titled "Grievance Procedure and Arbitration" defines "grievance" as "any difference or dispute arising over the application of interpretation of the terms and conditions of the [CBA]..." (See CBA Agreement, Def.'s Mot., Ex. F). Article IV outlines the grievance procedure, ending with Step 6: Arbitration. Defendants argue that to the extent Plaintiffs are alleging they have not been paid separation benefits pursuant to Article XV of the CBA, litigating in this Court is inappropriate and the claims must be dismissed. The Court agrees.

3

Plaintiffs argue that as retired employees, they are not subject to the grievance and arbitration provisions of the CBA.[2] Plaintiffs also argue that their claims for unpaid separation benefits are not barred because the claims do not arise out of the CBA. The Court is not convinced by these arguments. The arbitration clause explicitly requires that any difference or dispute arising over the application or interpretation of the terms and conditions of [the CBA] be resolved through the grievance procedure, which ends with arbitration. Additionally, the separation benefits arise directly out of the contract, and it is these types of claims that the CBA was contemplating when referring to "dispute[s] arising over the application of interpretation of the terms and conditions of the [CBA]." Thus Counts One through Four are dismissed with prejudice as they are subject to the arbitration clause of the CBA and inappropriate for litigation in this Court.

### B. Counts Five and Six

Counts Five and Six of the Complaint claim set forth claims under the New Jersey Law against Discrimination ("LAD") for discrimination based on Plaintiffs' race, sex and age. The LAD provides that it is an unlawful employment practice for an employer "because of the race, creed, color, national origin, ancestry, age, marital status... sex . . . of any individual, to refuse to hire or employ or to bar or to discharge or require to retire, unless justified by lawful considerations other than age, from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment...." N.J. Stat. Ann. § 10:5-12(a).

---

[2] Plaintiffs cite to two cases outside of this Circuit to support the proposition that where the language of a contract is not specific as to whether it applies to post-employment conflicts, the Court should apply a "significant aspects" test and determine whether the conflict involves a significant aspect of the employee-employer relationship. See Morgan v. Smith Bareney, Harris, Lipham & Co., 729 F. 2d 1163 (8th Cir. 1984); Zanford v. Prudential-Bache Securities, Inc., 112 F. 3d 723 (4th Cir. 1997). These cases, in addition to not being binding on this Court, are easily distinguishable, as each case dealt with a post termination tort action and whether the alleged tort arises under the employment contract's arbitration clause. The facts are inapposite to the ones at bar, as Plaintiffs' claims for separation benefits arise directly from the employment contract.

Plaintiffs Complaint alleges discrimination based on race, age and sex; they allege they were "forced" to retire in November of 2010 so that the City of Newark could promote "non-white heritage or female officers" and/or "younger officers" into Plaintiffs' positions. Defendants move to dismiss these counts, arguing that the Complaint contains no factual allegations to support the claims of discrimination, and instead Plaintiffs only offer conclusory allegations.

Under the NJLAD, a plaintiff has the initial burden to establish a *prima facie* case of discrimination. This is accomplished by (1) showing that he is a member of the protected class, (2) that he is qualified for the position, (3) that he suffered an adverse employment decision and (4) in the case of a discharge, that he was replaced by a sufficiently younger person to create an inference of age discrimination. Smith v. Medpointe Healthcare, Inc., 2007 WL 556914 (D.N.J. Feb. 15, 2007). If this is accomplished, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the action taken against the plaintiff. This is achieved by introducing evidence that, if taken as true, allows a trier of fact to conclude that unlawful discrimination was not the reason for the discharge. See id. It is then the plaintiff's burden to prove, by preponderance of the evidence, that the defendant's stated explanation is a pretext for discrimination. The plaintiff must demonstrate "both that the reason was false, and that discrimination was the real reason." Jones v. School Dist. of Philadelphia, 198 F.3d 403, 412-413 (3d. Cir. 1999); quoting St. Mary's Honor Center v. Hicks, 502 U.S. 502, 515 (1993).

Defendant argues that Plaintiffs cannot establish a *prima facie* case of race, age or sex discrimination. The Court agrees. Plaintiffs only offer conclusory statements about the alleged discrimination, and even when taken as true, do not give rise to a plausible claim. Additionally, Plaintiff's Opposition Brief does nothing to further explain to this Court why these Counts should not be dismissed; Plaintiffs admit that "it is true that plaintiffs have not alleged chapter

5

and verse facts which would constitute direct proof of discriminatory intent." (Pl.'s Opp'n 12).

On the face of the Complaint, the Plaintiffs have failed to allege sufficient facts to survive this Motion to Dismiss, and these claims are therefore dismissed without prejudice.

**C. Count Seven**

In Count Seven, Plaintiffs assert a cause of action for deprivation of their civil rights pursuant to 42 U.S.C. § 1983. Defendants move to dismiss this count because they argue Plaintiffs cannot establish municipal liability under Monell v. Dept. of Soc. Servs., 436 U.S. 658 (1978). The law in the Third Circuit regarding § 1983 claims is clear:

> In determining whether a government entity may be held liable under 42 U.S.C. § 1983, we are guided by the rule, announced in Monell v. New York City Department of Social Services, 436 U.S. 658 (1978), that liability may not be proven under the respondeat superior doctrine, but must be founded upon evidence that the government unit itself supported a violation of constitutional rights. Id. at 691-95. Thus, municipal liability attaches only when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Id. at 694.

Bielevicz v. Dubinon, 915 F.2d 845, 849-50 (3d Cir. 1990). Thus the Plaintiffs must establish 1) the existence of an unlawful policy or custom, and 2) prove that the municipal practice was the proximate cause of the injury. Bielevicz 915 F. 2d at 850. Defendant argues that Plaintiffs do not allege that the City engaged in any unlawful policy or custom, instead merely claiming that they were "forced" to retire after learning of a large scale citywide lay off plan. (Def.'s Mot. 22). Defendant also notes that Plaintiffs do not challenge the legitimacy of the plan. (Id).

Plaintiffs' complaint acknowledges that Police Director McCarthy told multiple Plaintiffs that the entire rank of Newark Police captains would be reduced to lieutenants as part of the budget layoffs as a result of a budget shortfall. (Compl. at page 8 ¶ 5). However, the Complaint makes no allegations that the layoff plan was unlawful. Additionally, the Complaint does not allege that the Plaintiffs were "forced" to retire due to a policy or custom. Taking all alleged

6

facts as true, the Complaint does not rise to the level sufficient to state a claim under § 1983 against a municipality. The claims under § 1983 are thus dismissed without prejudice, granting leave for Plaintiffs to amend the complaint with sufficient factual support if they so choose.[3]

### D. Count Eight and Nine

Counts Eight and Nine allege that Defendants conspired to prevent Plaintiffs from performing their public duties, and conspired to deprive them of their rights in violation of 42 U.S.C. § 1985.[4]

Plaintiffs' § 1985(1) claim must be dismissed because they have failed to sufficiently allege a conspiracy. To properly plead an unconstitutional conspiracy, "a plaintiff must assert facts from which a conspiratorial agreement can be inferred." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F. 3d 159, 178 (3d Cir. 2010) (internal citations omitted). Twombly and Iqbal, "in the conspiracy context, require 'enough factual matter (taken as true) to suggest that an agreement was made,' in other words, 'plausible grounds to infer an agreement." Great Western, 615 F. 3d at 178 (quoting Twombly, 550 U.S. at 556).

The conspiracy claims must also be dismissed, as Plaintiffs have not pled sufficient facts that plausibly suggest a meeting of the minds between the Defendants. There are no facts about communications or meetings between Defendants regarding the alleged conspiracy, nor do Plaintiffs plead a specific time period that Defendants were alleged to have conspired. Plaintiffs plead factual circumstances about alleged forced transfers and lay off plans, but these facts are not sufficient to infer a conspiratorial agreement. The Complaint does not rise to the level

---

[3] "In civil rights cases district courts must offer amendment – irrespective of whether it is requested – when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, 482 F. 3d 247, 251 (3d Cir. 2007).

[4] Plaintiffs do not specify which subsection of §1985 they are bringing claims under, and Defendant has hypothesized that they intended to bring the claims under § 1985 (1): preventing an officer from performing duties and § 1985 (3) depriving persons of rights or privileges. To the extent the Complaint alleges conspiracy, the Court agrees with Defendant's characterization, as Plaintiff does not elucidate the issue in their opposition brief.

7

required by <u>Twombly</u> and <u>Iqbal</u> to survive a motion to dismiss. Thus Counts Eight and Nine are dismissed without prejudice for failure to state a claim upon which relief can be granted.

### E. Count Ten

In Count Ten of Plaintiff's Complaint, Plaintiffs allege that Defendants Garry McCarthy and Julien Neals breached their duty pursuant to 42 U.S.C. § 1986 to prevent or aid in preventing Mayor Booker from purportedly depriving Plaintiffs of rights under Federal law. Defendants argue that this claim should be dismissed as the § 1985 claim because a § 1985 is a prerequisite to a § 1986 claim.

Section 1986 "is a companion to § 1985(3) and provides a cause of action against persons who, knowing that a violation of § 1985(3) is about to be committed and possessing the power to prevent its occurrence, fail to take action to frustrate its execution." <u>White v. Williams</u>, 179 F. Supp. 2d 405, 420 (D.N.J. 2002) (citing <u>Rogin v. Bensalem Tp.</u>, 616 F.2d 680, 696 (3d Cir.1980), *cert. denied,* 450 U.S. 1029 (1981)). "[T]ransgressions of § 1986 by definition depend on a preexisting violation of § 1985." <u>Clark v. Clabaugh</u>, 20 F.3d 1290, 1295 (3d Cir.1994).

As Counts Eight and Nine were dismissed above for failure to state a claim, Count Ten is also dismissed.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion to Dismiss is **granted**. An appropriate order follows this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date: June 26, 2013
Original: Clerk's Office
cc: Hon. Mark Falk, U.S.M.J.
    All Counsel of Record